UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:24cr514 VMC-CPT
18 U.S.C. § 933(a)(3)
18 U.S.C. § 933(a)(1)
18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 922(g)(5)(A)

RICARDO FERMIN SUNE-GIRON

**INFORMATION**

The United States' Attorney's Office charges:

**COUNT ONE**
**(Conspiracy to Traffic Firearms)**

NOV 21 2024 PM3:24
FILED - USDC - FLMD - TPA

**A. Introduction**

At times material to this Information:

1. RICARDO FERMIN SUNE-GIRON was a firearms trafficker operating in the Middle District of Florida and elsewhere. As set forth below, as part of his illicit activities, SUNE-GIRON conspired with a network of associates to acquire approximately 450 firearms to be delivered to other persons in the Middle District of Florida and elsewhere.

2. During the course of the conspiracy, SUNE-GIRON, an international INTERPOL fugitive with an active "Red Notice" arrest warrant, lived in the United States, portraying himself to be his brother, Rafael Fermin Sune Giron, whose identity SUNE-GIRON assumed.

3. During the course of the conspiracy, SUNE-GIRON procured firearms himself from sources in the Middle District of Florida and elsewhere, firearms which he later provided to unlicensed dealers knowing the firearms were being transported outside the United States, including Puerto Rico, and the Dominican Republic.

4. During the course of the conspiracy, SUNE-GIRON also recruited, hired, and paid others to purchase firearms from licensed dealers on his behalf and for the benefit of the conspiracy.

### B. The Conspiracy

5. Beginning at an unknown time, but at least by on or about 2023, and continuing through in or about April 2024, in the Middle District of Florida, and elsewhere the defendant,

RICARDO FERMIN SUNE-GIRON,

did knowingly conspire and agree with others known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in or otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, and did receive from another person any firearm in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that such receipt would constitute a felony, as defined in 18 U.S.C. § 932(a).

## C. Manner and Means of the Conspiracy

6. The manner and means by which the members of the conspiracy sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

   a. It was part and object of the conspiracy that the defendant, RICARDO FERMIN SUNE-GIRON and others, would and did obtain hundreds of firearms throughout the Middle District, and then ship, transport, transfer, cause to be transported, and otherwise dispose of those firearms to members of this conspiracy, knowing that those firearms would affect interstate and foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in 18 U.S.C. § 932(a).

   b. It was part and object of the conspiracy that the defendant, RICARDO FERMIN SUNE-GIRON, would purchase firearms himself, and did receive from other persons firearms in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that such receipt would constitute a felony as defined in 18 U.S.C. § 932(a).

   c. It was further part and object of the conspiracy that SUNE-GIRON, would and did recruit, hire and pay other individuals to obtain firearms on his behalf throughout the Middle District of Florida, which he then distributed to other members of this conspiracy, knowing that those firearms would be distributed outside of the United States, affecting interstate and foreign commerce.

d. It was further part and object of the conspiracy that SUNE-GIRON would and did order large quantities of firearms from the individuals that he recruited.

e. It was further part and object of the conspiracy that SUNE-GIRON would and did provide funds to others for the purpose of purchasing firearms on behalf of the conspiracy.

f. It was further part and object of the conspiracy that, after receiving gun orders from SUNE-GIRON, various individuals purchased firearms on his behalf throughout the Middle District of Florida.

g. It was further part and object of the conspiracy that, when purchasing firearms from FFLs, SUNE-GIRON and others would and did complete ATF Form 4473s and make false representations on the forms. SUNE-GIRON and others would falsely certify that they were the true buyer of the firearms, when in truth, SUNE-GIRON and others intended to immediately transfer the firearms to SUNE-GIRON and other members of this conspiracy for the benefit of the conspiracy. When SUNE-GIRON obtained firearms from a private seller, or unlicensed dealer —there would be no background check conducted and no ATF Form 4473 completed.

h. It was further part and object of the conspiracy that, once the firearms were acquired by SUNE-GIRON or other on his behalf, he would and did transfer the firearms to other members of this conspiracy.

i. It was further part and object of the conspiracy that, once the firearms

were acquired by SUNE-GIRON, he would and did store them in his residence, prior to them being obtained and shipped by co-conspirators operating in the Middle District of Florida and elsewhere.

All in violation of 18 U.S.C. § 933(a)(3).

## COUNT TWO
### (Firearms Trafficking)

7. The allegations contained in Count One of this information are hereby realleged and incorporated herein by reference.

8. Beginning at an unknown time, but at least by on or about 2023, and continuing through on or about April 2024, in the Middle District of Florida, and elsewhere the defendant,

RICARDO FERMIN SUNE-GIRON,

did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

All in violation of 18 U.S.C. § 933(a)(1).

## COUNT THREE
### (Dealing in Firearms Without a License)

9. The allegations contained in Count One of this information are hereby realleged and incorporated herein by reference.

10. Beginning at an unknown time, but no later than on or about 2023, and continuing through on or about April 2024, in the Middle District of Florida and elsewhere, the defendant,

RICARDO FERMIN SUNE-GIRON,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of 18 U.S.C. § 922(a)(1)(A).

## COUNT FOUR
### (Illegal and Unlawful Alien who was in possession of a firearm)

11. The allegations contained in Count One of this information are hereby realleged and incorporated herein by reference.

12. Beginning at an unknown time, but no later than on or about 2023, and continuing through on or about April 2024, in the Middle District of Florida and elsewhere, the defendant,

RICARDO FERMIN SUNE-GIRON,

knowing that he was illegally and unlawfully in the United States, knowingly possessed firearm or ammunition in or affecting interstate of foreign commerce,

In violation of 18 U.S.C. §§ 922(g)(5)(A).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 924(d), 934(a)(1)(A), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 922 and 933, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offenses.

3. Upon conviction of a violation of 18 U.S.C. § 933, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A), any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4. The property to be forfeited includes, but is not limited to, approximately $16,460.00 in U.S. Currency seized from 111 Seabreeze Circle, Kissimmee, Florida, on or about April 18, 2024, which constitutes proceeds of the offenses.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

7

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
Diego F. Novaes
Deputy Chief, Violent Crime and Racketeering Section

By: _____
James Preston
Assistant United States Attorney
Chief, Violent Crime and Racketeering Section