UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO.: 8:24-cr-514-VMC-CPT

<u>RICARDO FERMIN SUNE-GIRON</u>

## <u>MOTION FOR VARIANCE AND SENTENCING MEMORANDUM</u>

The Defendant, **RICARDO FERMIN SUNE-GIRON**, by and through undersigned counsel, files this ***Motion for Variance and Sentencing Memorandum*** and requests this court exercise its discretion in imposing a reasonable sentence under the advisory guidelines. This court has discretion to order any sentence which is sufficient but not greater than necessary to comply with 18 U.S.C.§3553(a) and grant a variance from the advisory guidelines sentence.

**Procedural Background**

**Ricardo Fermin Sune-Giron** was charged in a four count Information filed on November 21, 2024. He pled guilty pursuant to a plea agreement on December 11, 2024 to all counts. Count 1 charged Conspiracy to Traffic Firearms, 18 U.S.C § 933(a)(3). Count 2 charged Trafficking Firearms, 18 U.S.C § 933(a)(1). Count 3 charged Dealing in Firearms Without a License, 18 U.S.C. § 933(a)(1)(A). Count 4 charged Possession of a Firearm by an Illegal Alien. Sentencing is set for March 11, 2025.

1

## Nature and Circumstances of the Offense

**Mr. Sune-Giron** was a member of a conspiracy that smuggled firearms to Puerto Rico, Haiti and the Dominican Republic. Several straw purchasers would illegally purchase the firearms from federal firearms licensees. **Sune-Giron** primarily used individuals to purchase the firearms so that he may provide them to other individuals in the conspiracy. Those individuals were the persons who would primarily package the firearms and have them sent abroad. He was aware the destination of these firearms was primarily to be the Dominican Republic and Haiti. As he purchased the firearms or had them purchased, on behalf of the leaders of the conspiracy, he did not set prices, amounts, negotiate deals, and/or send the firearms abroad. At least 3 individuals purchased firearms for him who ended up being confidential informants. A search warrant was also executed at his home where several firearms were located, along with $16,460, large amounts of ammunition and a ledger. At the time, he was an undocumented alien who was prohibited from possessing a firearm.

## RICARDO FERMIN SUNE-GIRON

**Mr. Sune-Giron** is a 34 year-old gentleman, from Guatemala. He was only able to reach middle school in Guatemala when he began working. (Doc 41, 62). He was forced to leave school and work at an early age as he lived with his mother and maternal grandparents in the city while his father worked in agriculture in the country. To his credit, he managed to get that far in school despite coming from an impoverished background. (Id. at ¶53). As a child, their was an attempt to kidnap him and he was able to escape. (Id. at ¶54).

He has two siblings ages 40 and 41. One lives in Miami and one lives in Guatemala but he maintains a relationship with both. He married in 2012 and divorced around 2018 as his relationship was not a pleasant one and marred by constant fighting. 2 young boys came from this marriage ages 10 and 5. After his divorce, his ex-wife refused to let him see his children and threatened to report him for being an undocumented alien if he tried to see his children.. (Id. at 55). Up until his arrest, he paid child support for his minor boys.

In 2022, he began his present relationship with Gladys Johana Fernandez Guardado. They are not married however have one small child in common and they resided together with her 3 children from a prior relationship. (Id. at 56). They lived together for 2 years prior to his arrest. Since he arrived in the United States he has worked in construction. He worked for Gladys's construction company from 2020 until his arrest in 2024. (Id. at 66). He is in a stable long term relationship with Gladys.

**Sentencing Factors**

The sentence imposed should reflect the seriousness of the offense, produce respect for the law and provide just punishment for the offense as stated in 18 U.S.C.§ 3553(a)(2)(A). A prison sentence is designed with the goal to provide respect for the law and just punishment. §3553(a)(2)(B) calls for deterrence to criminal conduct. In this case, he has been in custody for approximately 11 months. 11 months in that he has been separated from his partner, child and her other children that he has been helping raise. The length of the sentence depends greatly on the severity of the crime, scope of involvement, amounts, and criminal history.

**Mr. Sune-Giron** has no criminal history convictions. He does have a hold for a case in Guatemala but he is under the impression, from speaking with his brother who is in touch with

3

his attorney in Guatemala, that his case should be dismissed.  These acts and involvement were a lapse in judgment as he joined this conspiracy but in no way is the organizer of this conspiracy nor does he have the contacts to broker the deals that sent these weapons abroad.  Although firearms are used in criminal conduct,  these are not crimes of violence.  The public is protected from harm now and in the future by a reasonable period of incarceration and supervised release.  These charges will subject him to deportation.  Unless the warrant from Guatemala is lifted, he will immediately be removed from the United States to Guatemala by deportation and to answer to those charges.   These holds more likely than not affect his gain time and any early release which can make the sentence akin to a mandatory, day for day, sentence.

He maintains a relationship with his partner and daughter.  He is not allowed to see his older sons but he did support them.  He has maintained a relationship with his siblings and parents when they were alive.  He is a hard working individual and has worked hard to pick himself up and do the best that he can.  **Mr. Sune-Giron** pled to this offense, is remorseful and accepts responsibility for his actions.

## Conclusion

**Mr. Sune-Giron** has no prior criminal history/convictions.  At this time, with no reductions, he scores l**evel 35 category 1, 168 months to 210 months of imprisonment.**  To date, the only reduction he has received has been for acceptance of responsibility.  He has maintained a stable home life with his family, and stable employment pre-arrest.  He somehow managed to complete middle school in Guatemala. He was raised by his mother and grandparents and had to leave school early, his home and country to find employment.  He is highly motivated to receive additional education and vocational training, specifically in electrical

work and learn English.  He is highly motivated not to reoffend and is remorseful for his actions as this has separated him from his family and he realizes this incarceration is causing an undue burden to his family.

Thus, counsel respectfully requests this Court to grant a variance in sentence and, at the ultimate range set, to sentence at the low end of the guidelines.  The sentence sh



ould be sufficient but not greater than necessary to comply with the §3553 factors.  The guidelines sentence recommendation appears to go far beyond meeting the mandate of being sufficient but not greater than necessary to comply with the §3553 factors.

        **Respectfully Submitted,**

        **/s/ *Jose Rodriguez***
        Jose Rodriguez, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 7, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this matter, including to the Office of the United States Attorney.

*s/Jose Rodriguez*
Jose Rodriguez, Esq.
Florida Bar No. 0915262
The Rivas Law Firm, P.A.
Attorneys for Defendant
2307 Lee Road
Winter Park, FL 32789
Phone: (407) 644-2466
Email: Attorney@rivaslawfirm.com

*s/Jose I. Rivas*
Jose I. Rivas
Florida Bar No. 0036406
The Rivas Law Firm, P.A.
Attorneys for Defendant
2307 Lee Road
Winter Park, FL 32789
Phone: (407) 644-2466
Email: info@rivaslawfirm.com